power was lodged in the chief of police. Laws 1895, c. 569, § 4. Therefore the resolution was a nullity. It was nothing more than a request, which the chief could grant or refuse, as in his judgment the interest of the service required. He saw fit to act upon the request, and, in the exercise of the power which he had, to make the change. But it was his act, and not the act of the board of police commissioners, that remanded the relator, and we must so hold.

We are also of the opinion that the court was justified in dismissing the proceeding on account of the relator's laches. Here was an unexplained delay of two years. If the relator desired to review the act of the board or the chief of police by which he was remanded to patrol duty, he should have moved promptly. He could not wait until the membership of the board of police commissioners and the chief of police had been changed, and then move. No reason or explanation is given by him for this delay, and this of itself was sufficient to have justified the trial court in refusing to exercise the power of the court in the relator's behalf.

On both grounds, therefore, we think the order should be affirmed, with costs to the respondent. All concur.

---

### SEAMAN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. June 28, 1899.)

APPEAL—REVIEW.

> Where, in an action for collision on a highway, plaintiff's servant testified to circumstances from which his freedom from contributory negligence and defendant's servant's negligence might be found, despite the latter's contradictory statements, a judgment for plaintiff should not be disturbed.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by Egbert B. Seaman against the Metropolitan Street-Railway Company. There was a judgment for plaintiff, and defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Henry A. Robinson, for appellant.
Ernest F. Eidlitz, for respondent.

MacLEAN, J. In this action, brought to recover damages for injuries to a coach which was struck by a car of the defendant, the plaintiff's driver testified to circumstances from which, if his testimony was believed, freedom from contributory negligence on the part of the plaintiff's servant, and of negligence on the part of the defendant's motorman, might be found by the jury, despite the contradictory statements made by defendant's motorman. The judgment entered upon the verdict of the jury should not be disturbed.

Judgment affirmed, with costs.

FREEDMAN, P. J., concurs. LEVENTRITT, J., takes no part.